IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>VAPOR CRAFT LLC, a limited liability company, and MELISSA D. ANDERSON, individual,<br><br>    Defendants. | Civil No. 4:22-cv-160-CDL |

CONSENT DECREE OF PERMANENT INJUNCTION

Plaintiff, the United States of America, by its undersigned counsel, having filed a Complaint for Permanent Injunction against Vapor Craft LLC, a limited liability company, and Melissa D. Anderson, individual (collectively, "Defendants"), and Defendants having appeared and consented to entry of this Decree without contest and before any testimony has been taken, and the United States of America having consented to this Decree;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. This Court has jurisdiction over the subject matter and all parties to this action.

2. The Complaint states a cause of action against Defendants under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301, *et seq.* (the "Act").

3. The Complaint alleges that Defendants violated 21 U.S.C. § 331(k) by causing tobacco products, within the meaning of 21 U.S.C. § 321(rr), to become adulterated under 21 U.S.C. § 387b(6)(A) and misbranded under 21 U.S.C. § 387c(a)(6) while they are held for sale after shipment of one or more of their components in interstate commerce.

1

4. For the purposes of this Decree:

    A. "Associated Persons" refers to Defendants' directors, officers, agents, representatives, employees, attorneys, successors, assigns, and any and all persons or entities in active concert or participation with any of them (including individuals, partnerships, corporations, subsidiaries, affiliates, franchisees, and "doing business as" entities).

    B. "Defendants' Facilities" refers to: 6100 Veterans Pkwy., Suite 6, Columbus, GA 31090, and any other location(s) at which Defendants now or in the future directly or indirectly manufacture, distribute, sell, and/or offer for sale tobacco products.

    C. "ENDS products" refers to electronic nicotine delivery system products, and includes devices, components, and/or parts that deliver aerosolized e-liquid when inhaled.

    D. "E-liquids" refers to a subcategory of ENDS products that includes liquid nicotine products and nicotine containing e-liquid products (i.e., liquid nicotine combined with colorings, flavorings, and/or other ingredients).

    E. "Defendants' ENDS products" refers to finished ENDS products directly or indirectly manufactured by Defendants, including finished e-liquids under the Vapor Craft brand.

    F. "New tobacco product" refers to a tobacco product that meets the definition for such term at 21 U.S.C. § 387j(a)(1)—i.e., "any tobacco product (including those products in test markets) that was not commercially marketed in the United States as of February 15, 2007" or "any modification (including a change in design, any component, any part, or any constituent, including a smoke constituent, or in the content, delivery or form of nicotine, or any other additive or ingredient) of a tobacco product where the modified product was commercially marketed in the United States after February 15, 2007."

5.      Upon entry of this Decree, Defendants and each and all of their Associated Persons who have received actual notice of this Decree by personal service or otherwise, are permanently restrained and enjoined under 21 U.S.C. § 332(a), and the inherent equitable authority of this Court, from directly or indirectly manufacturing, distributing, selling, and/or offering for sale any new tobacco product at or from Defendants' Facilities, unless and until:

   A.      The new tobacco product has received marketing authorization from FDA, and such authorization remains in effect, as follows:

   (1)     FDA has issued a marketing granted order under section 910(c)(1)(A)(i) of the Act, 21 U.S.C. § 387j(c)(1)(A)(i), for the new tobacco product; or

   (2)     FDA has issued a substantial equivalence order under section 910(a)(2)(A)(i) of the Act, 21 U.S.C. § 387j(a)(2)(A)(i), for the new tobacco product; or

   (3) FDA has issued an order finding that the new tobacco product is exempt from the substantial equivalence requirements pursuant to section 905(j)(3) of the Act, 21 U.S.C. § 387e(j)(3), and Defendants have satisfied the abbreviated reporting requirements in sections 905(j)(1)(A)(ii) and 905(j)(1)(B) of the Act, 21 U.S.C. §§ 387e(j)(1)(A)(ii) and 387e(j)(1)(B), for the new tobacco product;

   B.      FDA representatives, without prior notice and as and when FDA deems necessary, inspect Defendants' Facilities to determine whether the requirements of this Decree have been met and whether Defendants are operating in conformity with this Decree, the Act, and its implementing regulations;

   C.      Defendants have reimbursed FDA for the costs of all FDA inspections, investigations, supervision, analyses, examinations, and reviews that FDA deems necessary to evaluate Defendants' compliance with paragraph 5, at the rates set forth in paragraph 12; and

   D. FDA notifies Defendants in writing that they appear to be in compliance with the requirements set forth in paragraphs 5A & 5C of this Decree.  In no circumstance shall FDA's silence be construed as a substitute for written notification.

  6. Within thirty (30) days after entry of this Decree, Defendants shall, under FDA's supervision and pursuant to a written destruction plan approved in writing by FDA prior to implementation, destroy all of Defendants' ENDS products in their custody, control, or possession as of the date this Decree is signed by the parties.  Defendants shall bear the costs of destruction and the costs of FDA's supervision incurred under this paragraph.  Defendants shall not dispose of any products in a manner contrary to the provisions of the Act, any other federal law, or the laws of any State or Territory, as defined in the Act, in which the products are disposed.

  7. Upon entry of this Decree, and after receiving FDA's written notification pursuant to paragraph 5D, Defendants and their Associated Persons are permanently restrained and enjoined under 21 U.S.C. § 332(a) from directly or indirectly doing or causing to be done any of the following acts:

   A. Violating 21 U.S.C. § 331(k), by causing tobacco products to become adulterated under 21 U.S.C. § 387b(6)(A) and misbranded under 21 U.S.C. § 387c(a)(6) while they are held for sale after shipment of one or more of their components in interstate commerce; and

   B. Failing to implement and continuously maintain the requirements of this Decree.

  8. If, at any time after entry of this Decree, FDA determines, based on the results of an inspection, the analysis of a sample, a report, an application, or data prepared or submitted by

4

Defendants, or any other information, that Defendants have failed to comply with any provision of this Decree, Defendants have violated the Act or its implementing regulations, or additional corrective actions are necessary to achieve compliance with this Decree, the Act, or its implementing regulations, FDA may, as and when it deems necessary, notify Defendants in writing of the noncompliance and order Defendants to take appropriate corrective action, including, but not limited to, ordering Defendants to immediately take one or more of the following actions:

    A.    Cease manufacturing, distributing, selling, and/or offering for sale new tobacco products that lack required FDA authorization;

    B.    Recall, at Defendants' expense, any new tobacco product that is adulterated, misbranded, or otherwise in violation of this Decree, the Act, or its implementing regulations;

    C.    Submit additional information to FDA as requested;

    D.    Institute or reimplement any of the requirements set forth in this Decree;

    E.    Take any other corrective actions as FDA, in its discretion, deems necessary to protect the public health or bring Defendants into compliance with this Decree, the Act, or its implementing regulations.

This remedy shall be separate and apart from, and in addition to, any other remedy available to the United States under this Decree or under the law.  Defendants shall pay all costs of recalls and other corrective actions, including the costs of FDA's inspections, investigations, supervision, analyses, examinations, reviews, document preparation, travel, and subsistence expenses to implement and monitor the remedies set forth in paragraph 8, at the rates specified in paragraph 12.

9. Upon receipt of any order issued by FDA pursuant to paragraph 8, Defendants shall immediately and fully comply with the terms of the order. Any cessation of activities under paragraph 8A shall continue until Defendants receive written notification from FDA that Defendants appear to be in compliance with this Decree, the Act, and its implementing regulations, and that Defendants may resume such operations. After a cessation of activities under paragraph 8A, and while determining whether Defendants appear to be in compliance with the Decree, the Act, and its implementing regulations, FDA may require Defendants to reinstitute or reimplement any of the requirements of this Decree.

10. Representatives of FDA shall be permitted, without prior notice and as and when FDA deems necessary, to inspect Defendants' Facilities and, without prior notice, take any other measures necessary to monitor and ensure continuing compliance with the terms of this Decree, the Act, and its implementing regulations. During such inspections, FDA representatives shall be permitted to: have immediate access to Defendants' places of business including, but not limited to all buildings, equipment, raw ingredients, in-process materials, finished products, containers, packaging material, labeling, and other material therein; take photographs and make video recordings; take samples of Defendants' raw ingredients, in-process materials, finished products, containers, packaging material, labeling, and other material; and examine and copy all records relating to the receipt, preparing, processing, packing (including repacking), labeling, holding, and distribution of any and all of Defendants' products and their components and parts. The inspections shall be permitted upon presentation of a copy of this Decree and appropriate credentials. The inspection authority granted by this Decree is separate from, and in addition to, the authority to make inspections under the Act, 21 U.S.C. § 374.

11. Defendants shall immediately provide any information or records to FDA upon request regarding the manufacture, distribution, sale, and offering for sale of Defendants' ENDS products. Defendants shall submit such information or records to FDA at the address specified in paragraph 21.

12. Defendants shall pay all costs of FDA's inspections, investigations, supervision, analyses, examinations, and reviews that FDA deems necessary to evaluate Defendants' compliance with any part of this Decree, including all transportation and associated costs for FDA investigators and experts, at the standard rates prevailing at the time the costs are incurred. Defendants shall make payment in full to FDA within twenty (20) business days after receiving written notification from FDA of the costs. As of the date that this Decree is signed by the parties, these rates are: $105.46 per hour or fraction thereof per representative for inspection and investigative work; $126.24 per hour or fraction thereof per representative for analytical or review work; $0.59 per mile for travel expenses by automobile; government rate or the equivalent for travel by air or other means; and the published government per diem rate for subsistence expenses where necessary. In the event that the standard rates applicable to FDA supervision of court-ordered compliance are modified, these rates shall be increased or decreased without further order of the Court.

13. Within five (5) business days after entry of this Decree, Defendants shall prominently post a copy of this Decree (in English and any other language necessary to convey the substance of the Decree) in a conspicuous location in an employee common area at Defendants' Facilities and shall ensure that the Decree remains posted for as long as the Decree remains in effect. Within ten (10) business days after entry of this Decree, Defendants shall

provide to FDA an affidavit, from a person with personal knowledge of the facts stated therein, stating the fact and manner of compliance with this paragraph.

14. Within ten (10) business days after entry of this Decree, Defendants shall hold a general meeting or series of smaller meetings for all Associated Persons, at which they shall describe the terms and obligations of this Decree (in English and any other language necessary to convey the substance of the Decree). Within fifteen (15) business days after entry of this Decree, Defendants shall provide to FDA an affidavit, from a person with personal knowledge of the facts stated therein, stating the fact and manner of compliance with this paragraph and a copy of the agenda, list of attendees, and meeting minutes from the meeting(s) held pursuant to this paragraph.

15. Within ten (10) business days after entry of this Decree, Defendants shall provide a copy of the Decree by personal service or certified mail (return receipt requested) to each and all of their Associated Persons. Within twenty (20) business days after entry of this Decree, Defendants shall provide to FDA an affidavit, from a person with personal knowledge of the facts stated therein, stating the fact and manner of compliance with this paragraph, identifying the names, addresses, and positions of all Associated Persons who have received a copy of this Decree, and attaching a copy of the executed certified mail return receipts.

16. In the event that any of the Defendants becomes associated with any additional Associated Person(s) at any time after entry of this Decree, Defendants shall immediately provide a copy of this Decree, by personal service or certified mail (return receipt requested) to such Associated Person(s). Within five (5) business days after each time that any of the Defendants becomes associated with any additional Associated Person, Defendants shall provide to FDA an affidavit, from a person with personal knowledge of the facts stated therein, stating

the fact and manner of compliance with this paragraph, identifying the names, addresses, and positions of all Associated Persons who received a copy of this Decree pursuant to this paragraph, and attaching a copy of the executed certified mail return receipts.

17. Defendants shall notify FDA in writing at least ten (10) business days before any change in ownership, name, or character of their business that occurs after entry of this Decree, including any incorporation, reorganization, creation of a subsidiary, relocation, dissolution, bankruptcy, assignment, lease, sale, or any other change in the structure or identity of Vapor Craft, or the assignment, lease, or sale of any business assets, such as buildings, equipment, or inventory, that may affect obligations arising out of this Decree. Defendants shall provide a copy of this Decree to any prospective successor or assign at least twenty (20) business days prior to any sale or assignment. Defendants shall furnish FDA with an affidavit of compliance with this paragraph no later than ten (10) business days prior to such assignment or change in ownership.

18. If any Defendant fails to comply with any provision of this Decree, the Act, or its implementing regulations, including any time frame imposed by this Decree, then Defendants shall pay to the United States of America: five thousand dollars ($5,000) in liquidated damages for each day such violation continues; an additional sum of four thousand dollars ($4,000) in liquidated damages per day per violation, for each violation of this Decree, the Act, or its implementing regulations; and an additional sum in liquidated damages equal to twice the retail value of any product distributed in violation of this Decree, the Act, or its implementing regulations. Defendants understand and agree that the liquidated damages specified in this paragraph are not punitive in nature and their imposition does not in any way limit the ability of the United States to seek, or the Court to impose, additional civil or criminal penalties to be paid

by Defendants, or remedies based on conduct that may also be the basis for payment of liquidated damages pursuant to this paragraph.

19. Should the United States bring and prevail in a contempt action to enforce the terms of this Decree, Defendants shall, in addition to other remedies, reimburse the United States for its attorneys' fees (including overhead), expert witness fees, travel expenses incurred by attorneys and witnesses, investigational and analytical expenses, administrative and court costs, and any other costs or fees relating to such contempt proceedings.

20. Defendants shall abide by the decisions of FDA, and FDA's decisions shall be final. All decisions conferred upon FDA in this Decree shall be vested in FDA's discretion and, to the extent that these decisions are subject to review, shall be reviewed by the Court under the arbitrary and capricious standard set forth in 5 U.S.C. § 706(2)(A). Review by the Court of any FDA decision rendered pursuant to this Decree shall be based exclusively on the written record before FDA at the time the decision was made. No discovery shall be taken by either party.

21. All notifications, correspondence, and communications to FDA required by the terms of this Decree shall: be prominently marked "Decree Correspondence"; reference this civil action by case name and civil action number; and be submitted electronically to the Center for Tobacco Products Office of Compliance and Enforcement, at CTPCompliance@fda.hhs.gov. If electronic submission is not possible, communications shall be addressed to the attention of Division Director, Division of Enforcement and Manufacturing, Office of Compliance and Enforcement, FDA Center for Tobacco Products, c/o Document Control Center, Building 71, Room G335, 10903 New Hampshire Avenue, Silver Spring, MD 20993-0002.

22. Except as provided in the foregoing provisions of this Decree, the parties shall bear their own costs and attorneys' fees in this action.

23. This Court retains jurisdiction over this action and the parties thereto for the purpose of enforcing and modifying this Decree and for the purpose of granting such additional relief as may be necessary or appropriate.

SO ORDERED:

Dated this 7th day of _December, 2022.

       \_\_\_S/Clay D. Land
       UNITED STATES DISTRICT JUDGE

We hereby consent to the foregoing Decree:

FOR DEFENDANTS:

S/_____
MELISSA D. ANDERSON, individually and
on behalf of Vapor Craft LLC

_S/_____
BENJAMIN W. WALLACE
Georgia Bar No. 308429
Wadkins & Wallace, P.C.
233 12th Street, Suite 517
Columbus, Georgia 31901
Attorney for Defendants

*The proposed order attached to the motion
contains the actual signatures of counsel.

FOR PLAINTIFF:

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

ARUN G. RAO
Deputy Assistant Attorney General

AMANDA N. LISKAMM
Acting Director
Consumer Protection Branch


s/ *Christina Parascandola*
CHRISTINA PARASCANDOLA
District of Columbia Bar No. 468479
Senior Litigation Counsel
JOSHUA BROWNING
District of Columbia Bar No. 1510857
Trial Attorney
Consumer Protection Branch
United States Department of Justice
Civil Division, 6th Floor South
Washington, DC 20001
(202) 514-3097
christina.parascandola@usdoj.gov

Of counsel:

MARK RAZA
Chief Counsel
United States Food and Drug
Administration

PERHAM GORJI
Deputy Chief Counsel for Litigation

JONATHAN SILBERMAN
Associate Chief Counsel for Enforcement
United States Department of
Health and Human Services
Office of the General Counsel
Food and Drug Division
10903 New Hampshire Avenue
Silver Spring, MD 20993-0002

PETER D. LEARY
United States Attorney


 s/ *Todd. P. Swanson*
TODD P. SWANSON
Assistant United States Attorney
United States Attorney's Office
Middle District of Georgia
P.O. Box 1702
Macon, GA 31202
(478) 621-2728
todd.swanson@usdoj.gov